UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────── X    **NOT FOR PUBLICATION**

YAJAIDA BRAZLEY,

                Plaintiff,
-against-                                                                **MEMORANDUM AND ORDER**
ACS; FAMILY COURT; EDWIN GOULD;                                          16-CV-07138 (LDH)(PK)
ANNA STERN; BROOKLYN HOSPITAL;
ALLEN REID, Child's Attorney; LEIGH
STANLAUS,[1] Case Planner, Edwin Gould;
TYSHAWN LEE, ACS Worker; S.
HOGRATH, R.N. at Brooklyn Hospital;
DR. MOBOSSERIE; NOVA
JACOBONER,[2] Supervisor, Edwin Gould;
AIMEE AMBUSH, Permanency Planner,
Edwin Gould; KEVIN LITTLE, Executive
Director, Edwin Gould,
                Defendants.
───────────────────────────────── X
LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Yajaida Brazley, proceeding pro se, brings the instant action under 42 U.S.C. §1983, alleging that Defendants violated her constitutional rights. In addition, Plaintiff seeks to have Defendants criminally prosecuted. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.

## BACKGROUND

    Plaintiff describes two incidents in which two of her children were taken from her by ACS. (Compl. 8-9, ECF No. 1.) The first removal in 2011 involved Plaintiff's older daughter, who is now six years old. (*Id.* at 8.) At that time, Ms. Walden, an ACS employee, initiated a complaint

---

1 Plaintiff lists defendants Stanlaus, Lee, Gograth, Mobosserie, Jacoboner, Ambush and Little in the body of her complaint, but not in the caption. (*See* Compl. 1-4.) The Court liberally construes the complaint as against all of the Defendants that Plaintiff has named.
2 Defendant Jacoboner's name is alternatively spelled by Plaintiff as Jocabbonner. (Compl. 3.)

against Plaintiff when Plaintiff's daughter's father "laid his hands" on her on December 12, 2011. (*Id.*)  Plaintiff was then accused of not having milk for her baby while they were residing at a family shelter. (*Id.* at 8-9.)  As a result, Plaintiff's child was taken from her and put in the care of Edwin Gould, a foster care agency.  (*Id.* at 8.)

The second incident concerns Plaintiff's infant daughter.  Plaintiff alleges that Defendants Stanlous and Jacoboner removed the infant from Plaintiff at the hospital on April 26, 2016, presumably to be placed in foster care, without proper cause to do so.  (*Id.* at 8-9.) Plaintiff further alleges that, on September 13, 2016, her baby was "slammed on the bed" or "thrown across the room" by the foster mother's thirteen year-old daughter.  (*Id.* at 6, 9.) Plaintiff contends that ACS and Edwin Gould knew about the incident, but waited for a month before informing Plaintiff about it.  (*Id.* at 6, 9.)  She alleges that the police were called, and that there is an investigation pending.  (*Id.* at 9.)  Plaintiff seeks to "press charges on all parties to my case" and seeks damages of nine hundred million dollars.  (*Id.* at 7, 9.)

**STANDARD OF REVIEW**

A pro se complaint nevertheless must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Similarly, a complaint does not state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*

2

(quoting *Twombly*, 550 U.S. at 557).

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B). Courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) and *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003)). Accordingly, the Court construes Plaintiff's pleadings liberally in light of her pro se status. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

### I. Plaintiff's Criminal Claims

Plaintiff seeks to have Defendants criminally prosecuted. (*See* Compl. at 9 ("I wanna [sic] press charges on all parties to my case.")). This is not her domain as a civil litigant. Rather, criminal prosecutions are within the province of prosecutors, who, unlike individual citizens, have unreviewable discretion over the decision to prosecute. *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Because Plaintiff cannot herself commence a criminal prosecution, this claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Constitutional Claims

### A. Due Process Claims Arising under 42 U.S.C. § 1983

Plaintiff alleges that Defendants "[o]verall [violated her] constitutional rights." (Compl. at 7.) After a complete and liberal reading of Plaintiff's complaint, the Court construes the instant complaint as alleging due process violations during the removal of her children in 2011 and 2016 and during her daughter's time in foster care in 2016. *See Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir 2004) ("we construe [a *pro se* complaint] broadly and interpret it to raise the strongest arguments it suggests"). Because Plaintiff alleges a violation of her constitutional rights, the Court construes the action as brought pursuant to 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for seeking redress[.]

42 U.S.C. § 1983.

To maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled on other grounds* by *Daniels v. Williams*, 474 U.S. 327 (1986)). Moreover, she must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under

4

§ 1983.")). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979).

The Second Circuit has held that "[p]arents . . . have a constitutionally protected liberty interest in the care, custody and management of their children." *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). This liberty interest is protected by both the substantive and procedural safeguards of the Due Process Clause of the Fourteenth Amendment. *See Kia P. v. McIntyre,* 235 F.3d 749, 758–59 (2d Cir. 2000). With respect to procedural due process rights, a state actor may not deprive a parent of the custody of his children without a pre-deprivation hearing unless the children are "immediately threatened with harm," in which case a prompt post-deprivation hearing is required. *Tenenbaum,* 193 F.3d at 594 (internal quotation marks omitted). With respect to substantive due process rights, state seizure of children is constitutionally permitted only where "case workers have a 'reasonable basis' for their findings of abuse." *Wilkinson v. Russell,* 182 F.3d 89, 104 (2d Cir.1999) (quoting *Van Emrik v. Chemung Cnty. Dep't of Social Servs.,* 911 F.2d 863, 866 (2d Cir.1990)). And, because children have a correlative liberty interest in being in the care and custody of their parents, children taken into state custody have the right not to be placed by the state with foster parents having a known propensity to neglect or abuse children. *See, e.g., Southerland v. Giuliani,* 4 F. App'x 33, 37 (2d Cir. 2001) ("It is well-established that a child in foster care has a liberty interest to be free from harm, and correspondingly, that the state has a duty to protect such children from harm.").

Therefore, applying a liberal construction to Plaintiff's allegations, the Court finds that Plaintiff states cognizable § 1983 claims for violations of procedural and substantive due

process.  Notwithstanding the fact that Plaintiff has raised arguably cognizable claims, there remain deficiencies in the complaint.

### B. Statute of Limitations

As a threshold matter, some of Plaintiff's claims are time-barred.  A three-year statute of limitations applies to claims brought under 42 U.S.C. § 1983.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (Section 1983 "provides a federal cause of action, but … federal law looks to the law of the State … for the length of the statute of limitations"); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (statute of limitations on § 1983 claim to which New York law applies is three years).  Accordingly, Plaintiff's claims based on the 2016 removal are timely.

It is unclear from the complaint whether Plaintiff wishes to challenge the 2011 removal of her daughter from her custody.  Assuming that Plaintiff intended to bring such a claim, however, it would be time-barred because Plaintiff filed this action in 2016, well beyond the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions.  *See Sevilla v. Perez*, 15–CV-3528-KAM, 2016 WL 5372792, at *3 (E.D.N.Y., Sep. 26, 2016) (finding that the statute of limitations began to run on the date the children were removed from the parent's custody); *Winkler v. Grant*, 07–CV-6280T-MAT, 2008 WL 1721758, at *3 (W.D.N.Y. Apr. 8, 2008) ("The three-year period begins on the date on which the plaintiff knew or had reason to know of the injury allegedly suffered… In the instant case, plaintiff's cause of action for the unlawful removal of his children accrued on December 3, 2003, the date on which his children were taken.  Because the removal of his children took place more than three years before plaintiff filed his Complaint, plaintiff's cause of action based on that claim is time barred.") (citation omitted),

*aff'd in part, vacated in part on other grounds*, 370 F. App'x 145 (2d Cir. 2010) (summary order).

### C. Family Court is Not a Proper Defendant

Notwithstanding the timeliness of Plaintiff's claim premised on the 2016 removal, Plaintiff brings the instant action against entities that are not proper defendants. The Eleventh Amendment bars Plaintiff's claims against the "Family Court" in federal court. The Eleventh Amendment of the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Thus, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the state's Eleventh Amendment immunity when acting pursuant to its authority under section 5 of the Fourteenth Amendment. *Gollomp v. Spitzer*, 568 F. 3d 355, 366, 368 (2d Cir. 2009) (citation omitted) (holding that the New York State Unified Court System is unquestionably an "arm of the State" and is entitled to Eleventh Amendment sovereign immunity); *McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 122-23 (2d Cir. May 18, 2010) (summary order) (noting that state courts, as "arms of the State are immunized from suit.") (internal quotations and citation omitted)); *see also* N.Y. CONST. art. 6, § 1 (creating the unified court system). Because the New York State Unified Court System is entitled to Eleventh Amendment sovereign immunity, this complaint against one of its family courts, the Brooklyn Family Court, is dismissed because it seeks monetary relief from an entity that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. Seven Individual Defendants Dismissed

Federal Rule of Civil Procedure 8 states that a complaint must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). This rule "does not require 'detailed factual allegations,'" but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). And, "the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (citing *Farrell*, 449 F.3d at 484 ); *Holmes v. Kelly*, No. 13-CV-3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014) (finding that "a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation."). A plaintiff must also "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Andino v. Fischer*, 698 F. Supp. 2d 362, 381 (E.D.N.Y. 2010) (citing *Bass*, 790 F.2d at 263).

Here, Plaintiff names ten individual defendants, but only makes allegations against Leigh Stanlaus (ACS Caseworker), Edwin Gould (Supervisor), and Nova Jacoboner. None of the other seven individual defendants are mentioned in the complaint at all, except to have their names and titles listed as Defendants. Thus, the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure as to these seven Defendants, because it fails to notify these them of the

claims against them. Thus, the complaint fails to state a claim against Defendants Anna Stern,[3] Allen Reid, Tyshawn Lee, S. Hogarth, Dr. Mobosserie, Aimee Ambush and Kevin Little, and these Defendants are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's § 1983 due process claims concerning the 2016 removal and foster care of her daughter may proceed against the remaining defendants: ACS, Edwin Gould, Brooklyn Hospital, Leigh Stanlaus and Nova Jacoboner.

## CONCLUSION

Plaintiff's cause of action seeking the criminal prosecution of Defendants is dismissed with prejudice. Plaintiff's § 1983 due process claims regarding the 2011 removal of her daughter from her custody are dismissed as untimely. The complaint is dismissed against Defendant Family Court because it seeks monetary damages from an entity that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). And the complaint is dismissed against defendants Anna Stern, Allen Reid, Tyshawn Lee, S. Hogarth, Dr. Mobosserie, Aimee Ambush and Kevin Little for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is respectfully requested to correct the caption to reflect their dismissal.

Plaintiff's § 1983 Due Process claims concerning the 2016 removal and foster care of her daughter may proceed against the remaining defendants: ACS, Edwin Gould, Brooklyn Hospital, Leigh Stanlaus and Nova Jacoboner. Plaintiff shall be afforded thirty (30) days leave from the entry of this order to file an amended complaint. The Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form to Plaintiff. Should Plaintiff have any decisions regarding the removal of her child or her child's placement in foster care, she may

---

[3] Plaintiff concludes that Defendant Stern "violated due process law" but does not allege any facts about her.

include the document(s) with her amended complaint. If Plaintiff elects to file an amended complaint, the amended complaint must provide facts giving rise to each of her federal claims against the Defendants. She should list specifically what injury she suffered, when and how it occurred, and who was responsible for it. Finally, Plaintiff must name the individuals who were personally involved as Defendants. Should Plaintiff have a basis to assert § 1983 due process claims against Defendants other than ACS, Edwin Gould, Brooklyn Hospital, Leigh Stanlaus and Nova Jacoboner, she may name those Defendants in the amended complaint. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and must bear the same docket number as this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
 October 13, 2017